**PAGO PETROLEUM PRODUCTS, INC., Plaintiff**

**v.**

**YE AHN MOOLSOAN, LTD., dba POLYNESIAN TRADING COMPANY
and RALPH TUIA, Defendants**

High Court of American Samoa
Trial Division

CA No. 70-93

January 26, 1995

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Tate Eldridge
 For Defendant Ralph Tuia, William H. Reardon

Order Imposing Attorney's Fees as Discovery Sanction:

Plaintiff Pago Petroleum Products, Inc. ("PPP") moved to compel discovery and for sanctions against defendant Ralph Tuia ("Tuia"), pursuant to T.C.R.C.P. 37. The motion came regularly for hearing on January 20, 1995, and both PPP and Tuia were represented by counsel.

On August 17, 1994, pursuant to T.C.R.C.P. 33 and 34, PPP served Tuia with interrogatories and requested Tuia to produce the documents at issue in the motion currently before the court. When Tuia failed to either answer the interrogatories or produce the documents requested by September 17, 1994,[1] PPP made several informal requests of Tuia to comply with the discovery requests and informed Tuia that failure to do so would result in the filing of a motion to compel discovery.

PPP filed a motion to compel on November 17, 1994. On January 18, 1995, two days before the hearing, Tuia did answer the interrogatories and produce the documents that PPP was seeking, but the delay has caused PPP to incur legal expenses that could have otherwise been avoided by a timely response to PPP's discovery requests. Tuia has not shown any reasonable justification for the delay.

T.C.R.C.P. 37 states in relevant part:

> (d) Failure of Party to . . . Serve Answers to Interrogatories or Respond to Request for Inspection. If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b) (2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including

---

[1] Under Rule 33, a party shall serve a copy of the answers, and objections if any, within 30 days of the service of the interrogatories. Likewise, under Rule 34, a party shall serve a written response within 30 days after the service of the request. Since PPP served the interrogatories and request for production of documents on August 17, 1994, Tuia had 30 days from that date in which to respond.

> attorney's fees, caused by the failure, unless the court finds the failure substantially justified or that other circumstances make an award of expenses unjust.

As is stated above, PPP made a good faith attempt to obtain the documents and gave Tuia reasonable notice of its intention to file a motion to compel discovery. While this court did not ultimately need to take action on the motion to compel discovery, Tuia may not use his eleventh hour compliance to avoid sanctions since his conduct necessitated the motion to compel, and it would have been granted.

■ "A direct order by the court as provided in Rule 37(a) and (b) is not a prerequisite to imposition of sanctions under Rule 37(d). The rule permits immediate sanctions against parties for wilful failure to comply with discovery rules." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 980, 993 (8th Cir. 1975).

■ Once a failure to produce documents in response to a request is established, sanctions under Rule 37(d) are appropriate. Ultimate production of the material in question does not absolve a party when the party failed to produce the material in a timely fashion. *Fautek v. Montgomery Ward., Inc.*, 96 F.R.D. 141, 145 (N.D. Ill. 1982); *Wyle v. R.J. Reynolds Indus.*, 709 F.2d 585, 589 (9th Cir. 1983) (court, in its discretion, may impose a wide range of sanctions when a party fails to comply with the rules of discovery or with the court orders enforcing them).

PPP has asked the court to award $250 as reasonable attorney's fees for its effort in compelling discovery and has submitted its attorney's affidavit with an accounting of these legal expenses.

■ Due to Tuia's delay in complying with PPP's request for the production of documents, first requested over five months ago, we find that the attorney's fees incurred by PPP to compel discovery from Tuia in the amount of $250 are reasonable. However, the court may tailor the sanction to the severity of the misconduct. *Charter House Ins. Brokers v. New Hampshire Ins.*, 667 F.2d 600, 605 (7th Cir. 1982). Therefore, for immediate purposes of sanctions under Rule 37, we award $100 in attorney's fees payable by Tuia to PPP within 30 days after the entry of this order, to impose an appropriate penalty on Tuia and to partially compensate PPP for its legal expenses incurred in compelling Tuia to answer interrogatories and produce the requested documents.

It is so ordered.